# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LOUIS ALDINI, JR., | : | Case No. 3:07-cv-183 |
| Plaintiff, | | |
| -vs- | : | Magistrate Judge Michael R. Merz |
| DUSTIN L. JOHNSON, et al., | | |
| Defendants. | : | |

## DECISION AND ORDER GRANTING FINALITY CERTIFICATION

This case is before the Court on Plaintiff's Motion for Rule 54(b) Entry of Judgment (Doc. No. 45) which Defendants oppose (Doc. No. 47).

On January 27, 2009, after reviewing the entire discovery record completed in this case, the Court granted summary judgment to two of the Defendants and denied it to the other two. The Defendants who did not prevail on that Motion have now appealed to the Sixth Circuit as is their privilege because they raised a defense of qualified immunity. Plaintiffs were unsuccessful in avoiding summary judgment on the other two Defendants and seek to cross-appeal that decision. In deciding the appeal of Defendants Johnson and Bodine, the Court of Appeals will have to consider the same factual record on which this Court denied them summary judgment but granted it to their Co-defendants. Absent the certification which Plaintiff requests, the same factual record will have to be considered anew by the Court of Appeals several years from now when Plaintiff will have the right to appeal after any trial (assuming affirmance by the Court of Appeals on the denial of qualified immunity). Because the same issue – qualified immunity – on the same factual record would be involved with both appeals, it seems completely in accord with judicial economy to grant

the requested judgment.

The authority relied on by Defendants in opposing the Motion is *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986), where the court listed the following non-exhaustive factors to be considered on a Rule 54(b) motion:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Id*. at 1282-83. Applying those factors supports granting judgment now rather than postponing it. As noted, the adjudicated claims and unadjudicated claims involve the same issue of qualified immunity and the same factual record. The need for review of this Court's decision to grant summary judgment to two of the Defendants will be mooted only if Plaintiff decides in the future not to appeal that decision or this Court changes its mind. Appeal now will obviate any need for future review. No set-off or counterclaim considerations are involved. Appeal now will minimize the briefing costs for the parties and the decisional resources needed by the Sixth Circuit. Because two of the Defendants have taken an interlocutory appeal, this Court has lost jurisdiction and cannot proceed to try the case in any event until the current appeal is complete.[1]

Accordingly, Plaintiff's Motion is GRANTED. The Clerk shall enter final judgment dismissing all claims against Defendants Joshua Kaczmarek and Steven Leopold with prejudice for

---

[1] Although there was some discussion of the possibility, Plaintiff has not moved this Court to declare the appeal frivolous, nor has he moved the Court of Appeals to dismiss the appeal on that basis.

the reasons set forth in the Court's Decision and Order of January 27, 2009.

March 10, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge