# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LOUIS ALDINI, JR.,

        Plaintiff,

:      Case No. 3:07-cv-183

-vs-

:      Magistrate Judge Michael R. Merz

DUSTIN L. JOHNSON, et al.,

        Defendants.

:

## DECISION AND ORDER

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Opinion, *Aldini v. Bodine*, 609 F.3d 858 (6th 2010); Mandate (Doc. No. 53). On remand Defendants Kaczmarek and Leopold have renewed their Motion for Summary Judgment (Doc. No. 55). Plaintiff opposes the Motion (Doc. No. 56) and the moving Defendants have filed a Reply in support (Doc. No. 57).

The Court has already denied qualified immunity to Defendant Johnson. Although this Court improperly applied a Fourteenth Amendment rather than a Fourth Amendment standard in evaluating Officer Johnson's conduct, the Sixth Circuit affirmed that ruling because "force found to shock the conscience under the Fourteenth Amendment will necessarily violate the Fourth Amendment's reasonableness test ... *Aldini*, supra, at 867. Accordingly, Plaintiff's claims against Officer Johnson remain pending for trial.

The Court also denied summary judgment to Sergeant Bodine. Although the Circuit remanded because of application of the wrong constitutional standard, Defendant Bodine has not again moved for summary judgment on remand. Therefore the claims against him remain pending for trial.

As to Defendants Kaczmarek and Leopold, this Court previously held "the use of force identifiable to Officers Leopold and Kaczmarek is limited to what would reasonably appear to have been necessary to get Plaintiff restrained in the restraint chair." (Decision and Order, Doc. No. 42, PageID 931).  Although that finding was evaluated under an incorrect Fourteenth Amendment standard, the Fourth Amendment standard yields the same result.

Lieutenant (now Captain) Aldini admits that he struggled and resisted being put into the restraint chair.  (Aldini Depo, at 104-105.) Plaintiff claims that Defendant Leopold's justification for use of force in putting Aldini in the restraint chair is "fabricated given that Leopold admitted Aldini did not spit, kick, punch, kneel, hit, or strike anyone."  (Memo in Opp., Doc. No. 56, PageID 986.) The fact that he admittedly did not do any of those things does not overcome his admission that he actively resisted and struggled against being put in the restraint chair.

Defendant Kaczmarek testified in detail about the force he used to secure Aldini in the restraint chair (summarized with deposition references at Motion, Doc. No. 55, PageID 969.) Plaintiff points to no contradictory testimony.  Instead, he claims the Court should discount Kaczmarek's testimony because (1) the purported justification – that Aldini had a hold on Johnson's shirt and would not let go despite two commands – is not corroborated by Johnson's testimony and (2) in any event Kaczmarek is to be disbelieved because he quit his job when he thought he would be disciplined for pushing another inmate on a different occasion (Memo in Opp., Doc. No. 56, PageID 985-986). Were the claims about use of force by Kaczmarek in securing Aldini to be put before a jury, it would be entitled to weigh the credibility of his testimony.  But on summary judgment, the Court is not to weight credibility and there is no requirement for corroboration of direct testimony. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *see also Russo v. City of Cincinnati*, 953 F.2d 1036, 1041-42 (6th Cir. 1992).  Aldini does not deny he grabbed Johnson shirt and refused twice to let go before force was applied.

Defendant Leopold testified he punched Aldini once in the left shoulder area to prevent him

2

from trying to stand up and get out of the restraint chair (Leopold Depo. at 20.)  Aldini does not contradict that testimony; indeed his admissions that he was struggling and resisting corroborate that testimony.

Under the Fourth Amendment, the question is whether the force used was "objectively reasonable." *Graham v. Connor,* 490 U.S. 386, 394-95 (1989); *Pleasant v. Zamieski,* 895 F.2d 272, 275 (6th Cir. 1990).  Whether the suspect was actively resisting arrest is a factor to be considered in determining objective reasonableness. *Graham v. Connor,* 490 U.S. at 396.  Once it is determined what the officer actually did, the question of whether it was objectively reasonable is a question of law for the court. *Scott v. Harris*, 550 U.S. 372, 381, n. 8 (2007); *see also Marvin v. City of Taylor,* 509 F. 3d 234, 244 (6th Cir. 2007), and *Dunn v. Matatall*, 549 F.3d 348, 353 (6th Cir. 2008)(both quoting *Scott v. Harris*).  This Court concludes that the force used by Defendants Kaczmarek and Leopold in placing Aldini in the restraint chair was objectively reasonable and therefore they did not violate his constitutional rights under the Fourth Amendment in using that force.

Plaintiff argues that there are two other claims remaining against these two Defendants.  First of all, Plaintiff says that they admit using force against Aldini and there is a genuine dispute[1] of material fact as to **when** they did so:

> Defendants Leopold and Kaczmarek denied using force in the cell but admitted to using force in the chair.  The location of the force is critical to their justification for their actions.  If they punched and kneeled on him in the cell, they would have no justification for their action.

(Memo in Opp., Doc. no. 56, PageID 984.)  To make a dispute of fact here, Plaintiff asks the Court to find Leopold and Kaczmarek not credible, based on their disciplinary records and on the fact that Aldini did not testify any force was used on him in the restraint chair.  Again, there is direct testimony

---

[1]The word "dispute" was substituted for "issue" in Fed. R. Civ. P. 56 as of December 1, 2010.  The amendment, according to its drafters, did not change the summary judgment standard.

by these two officers about when they used force and the Court is not to weigh their credibility in considering a summary judgment motion. Neither Aldini nor any other witness identifies Kaczmarek or Leopold as having been involved in the beating in the cell and they say they did not do it. Moreover, Aldini testifies there were five, six, or seven corrections officers involved in the cell, so he is not entitled to an inference that these two were among those who beat him.

Captain Aldini also asserts Leopold and Kaczmarek are liable for not stopping the excessive force used by other officers in the cell (Memo in Opp., Doc. No. 56, PageID 992). A failure to prevent the use of excessive force claim was pled in the Complaint (Doc. No. 1, ¶¶ 1, 16). These Defendants moved for summary judgment on their qualified immunity defense to this claim, asserting Plaintiff had not come forward with any evidence on it (Motion, Doc. No. 31, PageID 755-758.) Plaintiff made no argument at all in response to this portion of the original summary judgment motion (Memo in Opp., Doc. No. 32). The Court granted summary judgment on this claim (Decision, Doc. No. 42, PageID 936.) This claim was not among those considered by the Sixth Circuit and Defendants assert Plaintiff did not raise this claim in the Court of Appeals.[2] The Court finds this claim was abandoned by failing to come forward with evidence and argument on summary judgment or to seek reversal from the Court of Appeals.

Accordingly, the Court finds there is no genuine dispute of material fact on the remaining claims against Defendants Leopold and Kaczmarek and they are entitled to judgment as a matter of law. Their Motion for Summary Judgment (Doc. No. 55) is granted.

January 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[2] The appellate briefs are not before this Court so as to permit verification. Plaintiff has not sought leave to file any denial of this assertion.